# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-10978
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALFREDO MARTINEZ-REY,

Defendant - Appellant

————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-47-1

————————————

Before BARKSDALE, OWEN, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Alfredo Martinez-Rey challenges his above-Sentencing Guidelines sentence of 120-months imprisonment, imposed following his guilty-plea conviction for having been found unlawfully in the United States following deportation, in violation of 18 U.S.C. §§ 1326(a) and (b)(1). He claims the sentence was substantively unreasonable and violates due process.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-10978

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In support of his substantive-reasonableness challenge, Martinez asserts the court gave too much weight to his criminal history, which, he contends, overstated the seriousness of his "relatively minor" convictions. (Among other offenses, he has been removed several times.) Additionally, he contends the court gave no weight to the following factors: the double-counting of some of his prior convictions when calculating his offense level and criminal history; the sentencing range that would have applied to him under the 2015 version of Guideline § 2L1.2; and his reason for unlawfully reentering the country.

There is no indication, however, that the court refused to account for a factor that should have received significant weight, gave significant weight to any improper factor, or made a clear error of judgment in balancing the relevant factors. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Further, the court tied its reasons to specific facts and particular 18 U.S.C. § 3553(a) sentencing factors sufficient to justify the variance. *Gall*, 552 U.S. at 49–53. In essence, Martinez is asking this court to reweigh the § 3553(a) sentencing factors, which is not within the scope of our review. *Id.* at 51.

No. 17-10978

For the first time on appeal, Martinez challenges the statutory maximum sentences applicable under 8 U.S.C. § 1326(b)(1) as inapplicable because his indictment did not allege any prior felony conviction, citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013).  As he concedes, however, the issue is foreclosed; it is, instead, presented to preserve it for possible further review.  *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007); *Almendarez-Torres v. United States*, 523 U.S. 224, 239–47 (1998).

AFFIRMED.